Emilio Della Grotta *vs.* William C. Kindelan, *Warden.*

JUNE 9, 1952.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

Per Curiam. This petition for a writ of habeas corpus was brought by Emilio Della Grotta, who is held in custody by the respondent warden pursuant to a sentence of seven years imposed May 12, 1952 by the superior court in State v. Emilio Della Grotta, indictment No. 22486. Such indictment charged the defendant, petitioner here, with breaking and entering a building in the nighttime with intent to commit larceny. The petitioner voluntarily and understandingly waived trial on that charge, pleaded nolo contendere thereto, and the case was continued for sentence for reasons appearing in his record.

That record shows among other facts that prior to such indictment he had been indicted in 1940 for breaking and entering on which charge he was given a deferred sentence.

While at liberty thereunder he was indicted in 1941 on a new charge of robbery which was continued for sentence, as the court was then imposing sentence on the first indictment because petitioner had violated the terms of his first deferred sentence agreement. Later sentence was also deferred on the robbery charge and he was on conditional liberty thereunder when, in 1944, he was charged with breaking and entering in the nighttime under indictment No. 22486. However, such case was continued for sentence, as the court was then imposing sentence on the earlier charge of robbery because he had violated the terms of his second deferred sentence agreement.

Subsequently on August 20, 1948, to permit him to apply for parole on the robbery charge, he was given a deferred sentence on indictment No. 22486. At that time he signed the written deferred sentence agreement, which is under consideration here, and on recommendation of the attorney general was granted a deferred sentence in accordance with the established practice of this state.

While petitioner was on conditional liberty under such deferred sentence agreement, he was found with two companions, Stephen Broccoli and Matteo Querico, traveling in an automobile which was not owned by or registered to any of them. The suspicious circumstances prompted the state police to desire further investigation. However, the automobile was driven away from the police at great speed and as a result thereof petitioner and his two companions, who at the time were also at liberty under similar deferred sentence agreements, were brought before the superior court on the attorney general's motion to impose sentence on the ground that they had broken the terms of their agreements.

The petitioner and both companions were represented by counsel of their own choice, and each was given full opportunity to be heard through testimony of himself and his companions as well as by arguments of counsel. That court, after several hearings, found that petitioner had in fact violated the terms of his deferred sentence agreement and

thereupon imposed a sentence of seven years on indictment No. 22486.

Subsequently, through his attorney, petitioner filed in this court the instant petition for a writ of habeas corpus. The travel, facts, agreement and alleged errors of law as set forth therein and as they appear of record are essentially the same as those appearing in a similar petition filed by Stephen Broccoli, which was heard at the same time. See *Broccoli* v. *Kindelan*, 80 R. I. 436. The only important exceptions are that petitioner Della Grotta was not identified in the record as being with Broccoli on another occasion when Broccoli was driving a stolen car and fled from the police, and also that Della Grotta's personal record, though equally bad, appears as follows:

| "5-20-40 | Operating w/o License | 6th Dist. Ct. | $25 & costs |
|---|---|---|---|
| 8-21-40 | B.E.&L., nighttime | 2nd Dist. Ct. | B.O.G.J. |
| 10-7-40 | B.E.&L., nighttime | Wash. Sup. Ct. | Deferred |
| 1-9-41 | Robbery | 6th Dist. Ct. | B.O.G.J. |
| 2-9-41 | Viol. of Deferred Sentence | Wash. Sup. Ct. | 11 mos. P.C.J. |
| 12-16-42 | Robbery | Prov. Sup. Ct. | Deferred |
| 4-2-45 | B.E.&L. (secret indictment) | Prov. Sup. Ct. | Continued |
| 4-2-45 | Viol. of Deferred Sentence | Prov. Sup. Ct. | 8 yrs. R.I.S.P. |
| 8-20-48 | B.E.&L. (secret indictment) | Prov. Sup. Ct. | Deferred" |

In addition to such record a report of the parole and probation counselors was before the superior court and shows in considerable detail the petitioner's general attitude toward nonobservance of the law. It also makes clear that he was expressly and strongly warned to avoid questionable associates and places if he desired to remain at liberty under his deferred sentence agreement.

In our opinion the law of this state in connection with deferred sentences is not as urged by counsel for petitioner, but was properly conceived and applied by the trial justice. On the record there can be no question but that petitioner was afforded all the rights and privileges guaranteed to him by the provisions of the constitution of the United States. In the circumstances the case is determinable on questions of fact and the pertinent law under the established procedure in criminal cases in this state. Since the essential facts and

questions of law presented by the instant petition are fundamentally the same as those alleged, discussed and decided in the companion case of *Broccoli* v. *Kindelan, supra,* it is unnecessary to repeat them in detail. It is sufficient to hold that the statements of fact and law by this court in the case of *Broccoli* v. *Kindelan, supra,* apply equally to the instant petition, and for that reason our opinion in the *Broccoli* case is incorporated herein and expressly made a part hereof by reference.

The instant petition is therefore denied and dismissed.

*Raymond F. Henderson,* for petitioner.